NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SIDNEY NELSON, JR.,**
*Petitioner*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2014-3192

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-13-0512-I-1.

---

Decided: May 14, 2015

---

SIDNEY NELSON, JR., Seattle, WA, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before MOORE, CLEVENGER, and WALLACH, *Circuit Judges.*

PER CURIAM.

Petitioner Sidney Nelson, Jr., appeals the final decision of the Merit Systems Protection Board ("Board") dismissing his petition for review for lack of jurisdiction because he failed to show his disability retirement was involuntary. *See Nelson v. U.S. Postal Serv.*, No. SF-0752-13-0512-I-1 (Merit Sys. Prot. Bd. Aug. 19, 2014) (Resp't's App. 16–21) ("Final Order"); *Nelson v. U.S. Postal Serv.*, No. SF-0752-13-0512-I-1 (Merit Sys. Prot. Bd. Feb. 19, 2014) (Resp't's App. 1–15) ("Initial Decision"). Because Mr. Nelson failed to raise a non-frivolous claim of jurisdiction, this court affirms.

## BACKGROUND

Mr. Nelson, a former mail handler with the United States Postal Service (the "Agency") beginning in 1984, was placed on medical leave following receipt of a medical note from a physician dated June 11, 1999. Mr. Nelson submitted another medical report to the Agency dated March 21, 2000, in which a physician diagnosed him with chronic myofascial strain and chronic degenerative disease. The report recommended that Mr. Nelson continue his medical leave because of his back problems related to the diagnosis. It also predicted his condition would be permanent. Due to this prognosis, Mr. Nelson retired on July 19, 2000, and applied for disability retirement. The Office of Personnel Management ("OPM") granted him disability retirement benefits on August 2, 2000. His last date in pay status with the Agency was July 31, 1999.

Mr. Nelson appealed on June 3, 2013, alleging his July 2000 retirement was involuntary. On review, the Administrative Judge ("AJ") found Mr. Nelson failed to make a non-frivolous allegation his retirement was involuntary. Therefore, the retirement was not an "adverse action" and as such, the Board lacked jurisdiction to hear his appeal.

Mr. Nelson appealed the AJ's findings to the Board. The Board stated that because Mr. Nelson "raised no arguments challenging the [AJ's] findings in the initial decision, [he] has shown no error by the [AJ] in dismissing this appeal for lack of jurisdiction. Accordingly, [his] petition for review does not meet the criteria for review under 5 C.F.R. § 1201.115." Final Order at 3 ¶ 4. The Board also found the "record evidence support[s] the [AJ's] finding that the Board does not have jurisdiction over the appellant's involuntary resignation claim." *Id.* at 3 ¶ 5.

Mr. Nelson appeals the Board's dismissal of his appeal for lack of jurisdiction. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012).

DISCUSSION

I. Standard of Review and Jurisdiction

This court's "scope of . . . review of [B]oard decisions is limited to whether they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Forest v. Merit Sys. Prot. Bd.,* 47 F.3d 409, 410 (Fed. Cir. 1995) (citing 5 U.S.C. § 7703(c) (1988)). The issue of Board jurisdiction is a question of law this court reviews de novo. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). This court is bound by the Board's jurisdictional factual findings "unless those findings are not supported by substantial evidence." *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

Mr. Nelson bears the burden of establishing Board jurisdiction by a preponderance of evidence. *Fields v. Dep't of Justice*, 452 F.3d 1297, 1302 (Fed. Cir. 2006); 5 C.F.R. § 1201.56(a)(2)(i) (2013). The Board's jurisdiction is "strictly defined and confined by statute and regulation"

to appeals of decisions involving "adverse actions." *Bolton*, 154 F.3d at 1316. Such actions are: (1) removals; (2) suspensions for more than fourteen days; (3) reductions in grade; (4) reductions in pay; and (5) furloughs of thirty days or less. 5 U.S.C. § 7512(1)–(5) (2012).

"'[T]he [Board] possesses jurisdiction over an appeal filed by an employee who has resigned or retired if . . . his or her resignation or retirement was involuntary *and thus tantamount to forced removal.*'" *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc) (quoting *Shoaf v. Dep't of Agric.,* 260 F.3d 1336, 1340–41 (Fed. Cir. 2001)) (emphasis added). "Employee resignations are presumed voluntary [and] [t]his presumption will prevail unless plaintiff comes forward with sufficient evidence to establish that the resignation was involuntarily extracted." *Id.* at 1329–30 (citing *Christie v. United States,* 518 F.2d 584, 587 (Ct. Cl. 1975)). In order to demonstrate his disability retirement was involuntary, Mr. Nelson "must show that there was an accommodation available on the date of his separation that would have allowed him to continue his employment, and that the agency did not provide him that accommodation." *Benavidez v. Dep't of Navy*, 241 F.3d 1370, 1375 (Fed. Cir. 2001) (affirming the Board's use of these criteria).

## II. The Board Correctly Found It Lacked Jurisdiction to Hear Mr. Nelson's Claim

In his appeal to the Board, Mr. Nelson did not claim the AJ applied the wrong law or challenge the facts as applied by the AJ; rather, Mr. Nelson alleged his retirement was involuntary. The AJ found Mr. Nelson failed to raise non-frivolous claims regarding his requests for an accommodation. Thus, Mr. Nelson failed to meet his burden of demonstrating his resignation was involuntary because he failed to "show that there was an accommodation available on the date of his separation that would

have allowed him to continue his employment." *Benavidez*, 241 F.3d at 1375.

In his appeal to the Board, Mr. Nelson argued:

> he applied for several positions that did not require lifting but the agency refused to let him back on the job despite having job openings. He asserts that he had back pain due to the heavy lifting required in his position but that the agency refused to put him on light duty. He claims that he was released by his doctor to go back to work but was limited in the number of pounds he could lift. He contends his supervisor did not follow his doctor's orders and refused to assign him work with lighter lifting despite asking him over a period of several months. He acknowledges his supervisor would assign him to sort mail when such work was available, sometimes up to 2 hours per day. He additionally contends he asked his supervisor for a different position but that he declined to give him one. He states he requested help from the agency's human resources and workers' compensation offices to no avail.

Initial Decision at 4–5.

As the AJ found, these allegations are conclusory because Mr. Nelson did not provide evidence to support these claims or include essential details as to whom, where, or when these requests were made. *Id.* at 5. Mr. Nelson failed to non-frivolously allege an alternative position existed at the Agency or allege there were any reasonable accommodations available at the time he retired. *See Garcia*, 437 F.3d at 1344 (holding under 5 U.S.C. §§ 7701 and 7512, a claimant must first make non-frivolous claims of Board jurisdiction in order to establish jurisdiction).

Mr. Nelson also failed to show he was coerced into retirement. To establish that he involuntarily retired because of coercion, Mr. Nelson must show "(1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency." *Shoaf*, 260 F.3d at 1341 (citations omitted). That is, Mr. Nelson must "establish that a reasonable employee confronted with the same circumstances would feel coerced" into retiring. *Middleton v. Dep't of Defense,* 185 F.3d 1374, 1379 (Fed. Cir. 1999) (citation omitted).

Mr. Nelson failed to provide any evidence of coercion beyond conclusory statements of Agency retaliation and unfair treatment. Furthermore, probative evidence as to whether an employee had a realistic alternative to retirement "will usually be evidence in which there is a relatively short period of time between the employer's alleged coercive act and the employee's retirement." *Terban v. Dep't of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000). Here, a year passed between the time Mr. Nelson began his medical leave and the time he retired.

In his appeal to the Board, Mr. Nelson also indicated the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and the Veterans Employment Opportunities Act ("VEOA") provided a source of jurisdiction for his claim. However, as the AJ found, Mr. Nelson did not explain his USERRA claim, but only checked the box in his appeal petition that stated he "was raising a claim the agency violated his rights under USERRA." Initial Decision at 9. Mr. Nelson provides no evidence the alleged involuntary disability retirement was the result of his past military service. Furthermore, this court agrees with the AJ that Mr. Nelson did not satisfy the VEOA's mandatory exhaustion requirement.

CONCLUSION

For the reasons set forth above, the Board's decision is

**AFFIRMED**

COSTS

No costs.